**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Martinez Ramirez,            ) | No. CV 97-1331-PHX-JAT |
|                                    ) | |
| Petitioner,         ) | DEATH PENALTY CASE |
|                                    ) | |
| v.                                 ) | |
|                                    ) | |
|                                    ) | **ORDER** |
| Dora B. Schriro, et al.,           ) | |
|                                    ) | |
| Respondents.        ) | |
|                                    ) | |

Pending before the Court is Respondents' Motion to Lift Stay of sentencing-related claims. The Court entered a stay on March 11, 2005, because Petitioner is seeking relief from his death sentence in state court based on mental retardation pursuant to <u>Atkins v. Virginia</u>, 536 U.S. 304 (2002). (Dkt. 119.) One of the bases for granting the stay was judicial efficiency and economy because Petitioner's sentencing-related claims in this Court will be moot if the state court grants relief on Petitioner's <u>Atkins</u> claim. (<u>Id.</u> at 3.)

Respondents argue that the stay should be lifted because Petitioner will not be allowed to amend his petition in this Court to add an <u>Atkins</u> claim, based on the intervening decisions of <u>Mayle v. Felix</u>, 125 S. Ct. 2562 (2005), and <u>Dodd v. United States</u>, 125 S. Ct. 2478 (2005). These cases address relation-back of amendments to habeas petitions and the application of the statute of limitations to newly recognized rights, respectively. The Court finds that the decision of whether amendment will be allowed is premature until such time as Petitioner seeks leave to amend to add a claim based on <u>Atkins</u>.

Petitioner has satisfied the standard for the granting of a stay pursuant to <u>Rhines v.</u>

Weber, 125 S. Ct. 1528, 1535 (2005). (Dkt. 126.) Further, the goal of judicial efficiency and economy is served by the current stay, regardless of whether Petitioner ever seeks to add an Atkins claim in this Court. (Dkt. 119.)

Accordingly,

**IT IS ORDERED** that Respondents' Motion to Lift Stay (dkt. 131) is **DENIED**.

DATED this 19th day of October, 2005.

James A. Teilborg
United States District Judge