**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Martinez Ramirez, | No. CV 97-1331-PHX-JAT |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | |
| Dora B. Schriro, et al., | **ORDER RE:** |
| | **MOTION TO RECONSIDER** |
| Respondents. | |

Pending before the Court is Respondents' Motion to Reconsider. (Dkt. 161). Respondents seek reconsideration of the Court's March 20, 2007 Order (Dkt. 158), to the extent it granted Petitioner leave to amend to add Claim 34.

Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Respondents contend it was clear error for the Court to grant amendment.

First, Respondents argue that Claim 34 does not relate back to Claim 8, thereby satisfying the statute of limitations, because Claim 8 was previously dismissed by the Court. As Respondents note, they made this argument in their responsive motion brief (*see* Dkt. 147 at 17), therefore, it is not an appropriate argument for a motion for reconsideration. *See United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (a motion for

1 reconsideration is not the time to ask the court to "rethink what it has already thought
2 through"). Further, Rule 15 provides that an amendment relates back to an original pleading
3 if it arises out of an occurrence set forth in the *original* pleading. *See* Fed. R. Civ. P.
4 15(c)(2). The rule contains no other requirements, and Respondents cite no authority for
5 their argument that Claim 34 cannot relate back to a dismissed claim that was set forth in the
6 original pleading.

7 Second, Respondents dispute the Court's characterization of the timeliness of
8 Petitioner's investigation, exhaustion and amendment as to Claim 34, and suggest it may
9 amount to bad faith. Respondents made no argument regarding bad faith in their responsive
10 motion brief, thus, it is inappropriate to do so now. *See Northwest Acceptance Corp. v.*
11 *Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988) (a motion for reconsideration
12 is not a forum for the moving party to make new arguments not raised in its original briefs).
13 Moreover, although the Court indicated that Petitioner "appears" to have been diligent, it
14 recognized that there was some undue delay in raising the claim; however, the Court's
15 ultimate conclusion was that on balance of all the factors, in light of the strong policy
16 favoring amendment, that amendmentit was warranted. (*See* Dkt. 158 at 15-16.) Thus,
17 disagreement over Petitioner's "diligence" does not alter the Court's analysis.

18 Finally, Respondents argue it was erroneous for the Court to find that Respondents
19 did not contend in the motion briefing that they would be prejudiced by amendment because
20 they argued delay, which in their view is inherently prejudicial. Undue prejudice to the
21 opposing party is one of the factors that supports denying a motion to amend and is distinct
22 from the factor of undue delay, *see Foman v. Davis*, 371 U.S. 178, 182 (1962); thus, it was
23 Respondents' burden to argue prejudice if they thought it was applicable. To the extent
24 Respondents argued delay in the execution of judgment, the Court addressed the argument
25 and concluded that, due to the current stay of proceedings, amendment would not delay final
26 resolution of this case. (*See* Dkt. 158 at 16.) The conclusory argument that "Respondents
27 believe any additional amendments will add to the delay," does not counter the Court's
28

1 assessment nor demonstrate clear error.

2 Accordingly, **IT IS ORDERED** that Respondents' Motion for Reconsideration
3 (Dkt. 161) is **DENIED**.

4 DATED this 12th day of April, 2007.

James A. Teilborg
United States District Judge