**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Martinez Ramirez,<br><br>    Petitioner,<br><br>v.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV 97-1331-PHX-JAT<br><br>DEATH PENALTY CASE<br><br><br>**ORDER** |

In March 2005, the Court issued a stay of Petitioner's sentencing-related claims while he pursued relief in state court pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002), based on mental retardation. (Dkt. 119.) In April 2007, Petitioner informed the Court that proceedings in the superior court were complete and relief had been denied. (Dkt. 165.) Subsequently, in a December 2007 report, Petitioner indicated that his petition for review at the Arizona Supreme Court had been denied, and he would be filing a petition for certiorari in the United States Supreme Court. (Dkt. 168.) A review of his next two bi-monthly reports indicates that the petition for certiorari was filed and briefed. (Dkts. 170, 171.) In Petitioner's most recent status report to this Court, filed on June 23, 2008, there is no mention of the certiorari petition; rather, he states only that corrected transcripts will be finalized in the superior court on June 27. (Dkt. 172.) However, the Supreme Court docket reveals that the petition has been denied (*Ramirez v. Arizona*, No. 07-9853, 2008 WL 717699 (U.S. May 19, 2008)). Therefore, the Court will lift the stay.

In prior filings, Petitioner indicated an intent to seek amendment to add an *Atkins*

1  claim to his habeas petition if he did not obtain relief in state court. Therefore, the Court will
2  set a briefing schedule for a motion to amend. A petition for habeas corpus may be amended
3  pursuant to the Federal Rules of Civil Procedure. 28 U.S.C. § 2242; *see also* Rule 11, Rules
4  Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (providing that the Federal Rules of Civil
5  Procedure may be applied to habeas petitions to the extent the rules are not inconsistent with
6  the habeas rules). Thus, the Court looks to Rule 15 of the Federal Rules of Civil Procedure
7  to address a party's motion to amend a pleading in a habeas corpus action. *See James v.*
8  *Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001). Further, the Court considers the following
9  factors which may justify denying a motion to amend: undue delay, bad faith or dilatory
10 motive, futility of amendment, undue prejudice to the opposing party, and whether petitioner
11 has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bonin v. Calderon*, 59
12 F.3d 815, 845 (9th Cir. 1995).

13 In seeking amendment, Petitioner shall address Rule 15 and the above factors.
14 Additionally, in prior filings, Respondents raised a possible statute of limitations defense to
15 an *Atkins* claim in this Court (Dkts. 131 at 3-4, 133 at 2-3), and Petitioner indicated that he
16 would argue entitlement to equitable tolling (Dkt. 132 at 9). Thus, in the context of whether
17 amendment may be futile, Petitioner's motion to amend shall address the statute of
18 limitations and any arguments he wishes to make regarding equitable tolling.

19 The Local Rules provide that a party moving to amend must file a copy of the
20 proposed amendment indicating all changes as well as a clean copy of the proposed amended
21 pleading. LRCiv 15.1. In light of the indication that amendment will be contested and will
22 only involve one claim, Petitioner's motion need not comply with the requirements of Local
23 Rule 15.1; rather, Petitioner shall include the text of the proposed claim within the body of
24 the motion to amend.

25 In light of the very lengthy history of this case, and the fact that counsel has been on
26 the case for more than six years and has had time to, and has, conducted investigation, the
27 Court intends to maintain a tight briefing schedule for the remainder of the filings in this
28

1 case. Absent extraordinary circumstances, the Court does not intend to grant extensions of
2 time.
3      Accordingly, **IT IS ORDERED** that the March 11, 2005 Stay (Dkt. 119) of
4 Petitioner's sentencing-related claims is **Lifted**.
5      **IT IS FURTHER ORDERED** that Petitioner shall file a motion to amend within
6 thirty (30) days of the file date of this Order. Respondents shall respond within twenty (20)
7 days of the filing of the motion, and Petitioner's reply shall be filed within ten (10) days of
8 the response.
9      DATED this 27th day of June, 2008.

_____
James A. Teilborg
United States District Judge