**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Martinez Ramirez,<br><br>    Petitioner,<br><br>v.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV 97-1331-PHX-JAT<br><br>DEATH PENALTY CASE<br><br><br>**ORDER RE:**<br>**MOTION TO RECONSIDER** |

Pending before the Court is Petitioner's Motion to Reconsider. Petitioner seeks reconsideration of the Court's December 12, 2008 Order (Dkt. 190), which denied Petitioner's request to amend for a third time and dismissed all but one remaining claim.

Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (finding no abuse of discretion when district court declines to address an issue raised for the first time in a motion for reconsideration)).

Petitioner does not cite to or rely on the governing law set forth above, and makes no substantive arguments that there is newly discovered evidence, a change in the law, or clear

1  error. For that reason alone, he is not entitled to relief on this motion. However, to the extent
2  Petitioner seeks specific relief the Court will address Petitioner's motion.

3  **I.    State Court Record of *Atkins* Proceeding**

4  Petitioner argues that he relied upon the state court record of his *Atkins* proceeding in
5  his motion to amend and the Court could not resolve the motion without obtaining and
6  reviewing that record. In particular, Petitioner contends that the fact of his mental
7  retardation, and the state court record on that issue, was relevant to numerous determinations
8  in the December 12 Order. The Court disagrees. The Court did not reject any of Petitioner's
9  representations of the record in making its decision, including his assertions of mental
10 retardation; therefore, it did not need the state court record or the evidence regarding mental
11 retardation to make its decision. For that reason, the Court did not, and does not, find any
12 grounds for obtaining or reviewing the state court *Atkins* proceeding record.

13 Despite the several pages of argument put forth by Petitioner regarding the Court's
14 resolution of his motion to amend, there are only two issues he disputes with any specificity:
15 the Court's finding that Petitioner was not diligent in discovering the basis for his *Atkins*
16 claim; and the Court's finding that Petitioner was not entitled to equitable tolling of the
17 statute of limitations based on counsel's lack of diligence. With respect to these issues,
18 Petitioner does not raise anything new that was not previously reviewed and rejected by the
19 Court; therefore, reconsideration is not warranted. *See United States v. Rezzonico*, 32 F.
20 Supp.2d 1112, 1116 (D. Ariz. 1998) (a motion for reconsideration is not the time to ask the
21 court to "rethink what it has already thought through").

22 First, Petitioner disputes this Court's finding that the *Atkins* decision put counsel on
23 notice that, if Petitioner was mentally retarded, it would provide an avenue of relief from
24 Petitioner's death sentence. Petitioner reiterates his contention that, because the mental
25 health expert who evaluated Petitioner for sentencing concluded he was not retarded, counsel
26 had no reason to investigate retardation. The flaw in Petitioner's reasoning is that, with the
27 exception of the *Atkins* decision, there was no change in those circumstances between 2002
28

and 2004;[1] however, in 2004, counsel had Petitioner fully evaluated for mental retardation. That evaluation could have been, and should have been, diligently pursued after the *Atkins* decision. As pointed out by the Supreme Court, without requiring some level of diligence a petitioner could wait "untold years" before pursuing an avenue for relief and then trigger a new one-year limitations period when the factual predicate is "discovered"; this would subvert the statutory intent. *Johnson v. United States*, 544 U.S. 295, 310 (2005). The Court will not reconsider its determination that counsel was not diligent in investigating whether Petitioner might be entitled to relief pursuant to *Atkins*.

Second, Petitioner again argues that the Court should hold an evidentiary hearing on whether counsel's lack of diligence qualifies Petitioner for equitable tolling. To qualify for equitable tolling, Petitioner must have acted diligently in pursuing his rights. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005); *Rouse v. United State Dept. of State*, 548 F.3d 871, 878-79 (9th Cir. 2008). As discussed above and in the Court's December 12 Order, the fact of Petitioner's alleged mental retardation was discoverable with diligence within the statute of limitations; therefore, equitable tolling is not available. Further, attorney error is not an extraordinary circumstance for purposes of equitable tolling. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (finding that excusable neglect by an attorney does not qualify for equitable tolling); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (citing supporting cases from Third, Seventh, and Eleventh circuits). In his motion to amend, Petitioner cited only one case to support this argument and it involved something not present in this case – "egregious" attorney misconduct. *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003). The Court denies reconsideration of its decision that Petitioner's case does not fall within the narrow circumstances in which equitable tolling is available. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (noting that equitable tolling is a "high hurdle,"

---

[1] Petitioner's counsel notes, as he did in his motion to amend, that Petitioner refused numerous legal visits during this time frame. Regardless, counsel does not contend that they attempted to have Petitioner evaluated.

- 3 -

1 not available in most cases).

## II. Evidentiary Development and Procedural Default

Petitioner argues that the Court should have allowed briefing on evidentiary development of the sentencing-phase claims, in part, to allow for a complete appellate record. Briefing on evidentiary development is scheduled to the extent it will benefit the Court in meeting its duty to assess the propriety of holding an evidentiary hearing. *See* Rule 8, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. The Court considered whether evidentiary development was appropriate under the governing law as to each claim decided in the Order and determined that it was not. (Dkt. 190 at 12.) Petitioner does not argue that the decision as to any of the claims was error; therefore, the Court will not reconsider them.

Petitioner also argues that he should have an opportunity for evidentiary development of cause and prejudice, and fundamental miscarriage of justice. Petitioner does not contend that the Court's rulings regarding cause and prejudice or miscarriage of justice are erroneous; therefore, there is no basis for reconsideration. In dismissing Claims 16, 27, and 29 on the ground of procedural default, the Court evaluated Petitioner's assertions of cause and prejudice and rejected them on legal grounds. (Dkt. 190 at 29-30, 38-39, 40.) The Court also addressed, and resolved on legal grounds, Petitioner's arguments regarding miscarriage of justice. (*Id.* at 30, 39, 40.) Thus, Petitioner is not entitled to factual development on these issues. Prior to the motion for reconsideration, Petitioner had not argued that his alleged mental retardation supported his argument regarding miscarriage of justice. Petitioner could reasonably have raised this issue in his motion to amend, which was filed after he completed his state court *Atkins* proceeding regarding mental retardation. Therefore, it is not an appropriate ground for reconsideration. *See Kona*, 229 F.3d at 890.

Finally, Petitioner argues that there has been a change in Arizona law, which now recognizes a constitutional right to effective assistance of counsel during post-conviction proceedings; therefore, he contends the ineffectiveness of his PCR counsel could satisfy cause and prejudice for the default of any claims. For this proposition, Petitioner relies on

- 4 -

1 a recent order issued by a Maricopa County Superior Court judge. (Dkt. 195, Ex. A.) 2 However, the superior court's decision is contrary to the governing law as decided by the 3 Arizona Supreme Court, *see State v. Mata*, 185 Ariz. 319, 336, 916 P.2d 1035, 1052 (1996) 4 (holding that there is not a right to constitutionally effective counsel during state post- 5 conviction proceedings), as well as the Ninth Circuit (*see* Dkt. 190 at 29). Accordingly, it 6 has no bearing on this Court's ruling and does not provide grounds for reconsideration.

**III.** **Claim 34**

8 As set forth in the Court's December 12 Order, in assessing Petitioner's motion to 9 amend to add Claim 34, the Court initially determined that the claim was not procedurally 10 barred. (Dkt. 190 at 41.) Upon further review, the Court concluded that the procedural status 11 of the claim needed to be revisited because Arizona Rule of Criminal Procedure 32.4(a) may 12 be an adequate bar to federal review of the claim. (*Id.* at 41-43.) Petitioner does not contend 13 that the Court's decision is erroneous; rather, he argues only that reopening the issue was 14 "procedurally improper." (Dkt. 193 at 8.) To support his argument, Petitioner relies on dicta 15 from a district court case, which noted that a motion to reconsider could be appropriate if a 16 court "has made a decision outside the adversarial issues presented to the Court by the 17 parties." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 18 1983). Although the Court revisited the issue sua sponte, the procedural status of Claim 34 19 is an issue that has been squarely presented by its inclusion in Petitioner's Second Amended 20 Petition. This Court "possesses the inherent procedural power to reconsider, rescind, or 21 modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles,* 22 *Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting 23 *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)); *see* Fed. R. Civ. P. 54(b) (any 24 order adjudicating less than all the claims "may be revised at any time before the entry of a 25 judgment"); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (finding no procedural error 26 in district court reversing earlier ruling because claims are not resolved until there is a final 27 judgment). There is no basis to reconsider this portion of the Court's Order.

### IV. Claim 29

The Court found that Claim 29 – alleging that execution by lethal injection or lethal gas will violate the Eighth Amendment – had not been properly exhausted but was technically exhausted and procedurally defaulted because Petitioner would now be precluded from obtaining relief in state court on this claim. Petitioner does not contend he meets any ground for reconsideration regarding this decision; therefore, reconsideration will be denied.

Petitioner uses his motion, instead, to request additional briefing on this defaulted claim. First, Petitioner requests briefing regarding evidentiary development of this claim; however, there is no basis to brief evidentiary development of a defaulted claim. Second, Petitioner argues he should be given the opportunity to brief the appropriateness of a stay in light of state and federal litigation regarding the constitutionality of Arizona's lethal injection procedure. Petitioner could have, but did not, put this issue before the Court prior to the issuance of the December 12 Order; therefore, it is not subject to reconsideration. *Kona*, 229 F.3d at 890. Additionally, Petitioner does not appear to be seeking a stay for purposes of exhaustion; rather, he requests a stay based on other petitioners' pending litigation. There is no basis to grant a stay related to a defaulted claim. Finally, Petitioner's case was stayed for more than three years while he pursued exhaustion of other claims in state court; despite acknowledging in his federal briefing that he had not raised this claim in state court (Dkt. 84 at 49), he did not do so when he returned to state court.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Reconsideration (Dkt. 193) is **DENIED**.

DATED this 21st day of January, 2009.

James A. Teilborg
United States District Judge