Jon M. Sands
Federal Public Defender

Paula K. Harms (Arizona Bar No. 022489)
Timothy M. Gabrielsen (Nevada Bar No. 8076)
Assistant Federal Public Defenders
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
paula_harms@fd.org
tim_gabrielsen@fd.org
602.382.2756
602.889.3960 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Martinez Ramirez, | No.  CIV 97-1331-PHX-JAT |
| Petitioner, | Death Penalty Case |
| vs. | Memorandum  Regarding Adequacy  of Arizona's Time Bar |
| Dora Schriro, et al., | |
| Respondents. | |

Petitioner David Martinez Ramirez (hereinafter "Ramirez"), pursuant to this Court's December 12, 2008, order, now submits his Memorandum regarding the adequacy of the time bar employed by the state post-conviction court in summarily dismissing his successive post-conviction notice.

**I.     This Court's *sua sponte* reconsideration, of its prior procedural ruling, has prejudiced  Ramirez's ability to adequately brief this issue.**

When this Court issued its order allowing amendment of Claim 34, it specifically, and without reservation, ruled that the procedural rule invoked in state court was inadequate to bar federal review.[1]  In seeking reconsideration of this Court's order allowing amendment, Respondents did not raise the inadequacy ruling

---

[1]Dist. Ct. Doc. No. 158 at 3 n.2.

1   as an issue that needed to be revisited.[2]

2       Because of her caseload, the paralegal assigned to Ramirez's case was pulled

3   off the project of pulling all state court pleadings on the adequacy issue since this

4   Court's had issued a definitive ruling that the state court procedural bar was

5   inadequate.  This Court's *sua sponte* action, in revisiting the issue, prevents Ramirez

6   from thoroughly briefing the issue of inadequacy under the time lines set forth by this

7   Court.

8       Michael Pescetta, the supervisor of the Capital Habeas Unit of the Federal

9   Public Defender in Las Vegas, Nevada, and the author of the *amicus* brief in *Valerio*

10  *v. Crawford*, 306 F.3d 742 (9th Cir. 2002), and other adequacy briefing, informed

11  counsel that it took him a good year to track down all the unpublished pleadings

12  necessary to brief the adequacy of Nevada's procedural bar.  Had this Court warned

13  Ramirez that its ruling on the adequacy of the procedural bar was only "cursory," and

14  not final, Petitioner would have continued to pursue the labor intensive task of

15  tracking down all successive post-conviction or untimely post-conviction petitions

16  and rulings.[3]  Instead, this Court's insistence on a short deadline for comprehensive

17  briefing on inadequacy has greatly prejudiced Petitioner's ability to brief the issue.

18      Because this court had already issued a decision on adequacy, Ramirez acted

19  to his detriment in reliance upon that decision,   Respondents failed to seek

20  reconsideration of that decision, and the Court has failed to provide adequate time to

21  gather the necessary documents, the Court should not have revisited the issue.  In

22  addition, counsel objects to this Court's ruling that no reply briefing will be allowed.

23  **II.    The law on adequate state bars.**

24      A state procedural rule will not be adequate under federal law if it is not: 1)

25

26          [2]Dist. Ct. Doc. No. 161.

27          [3]Dist. Ct. Doc. No. 190 at 41 (characterizing the prior review of exhaustion and
    procedural default as "cursory.").

28

firmly established and 2) regularly followed in the state courts. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991).  The ultimate burden of demonstrating the adequacy of a state procedural bar lies with the state. *See Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003).  In order to adequately raise inadequacy as an issue, the petitioner only need cite to cases which demonstrate that the rule is not consistently applied or firmly established. *Id.* at 586.  The petitioner does not have a heavy burden.  In fact, he only needs to assert allegations; he does not have to prove anything. *Dennis v. Brown*, 361 F.Supp.2d 1124, 1130 (N.D. Cal.2005).

A finding of procedural bar in state court will only bar federal review if the state court clearly and expressly relied upon default. *See Belmontes v. Ayers*, 529 F.3d 834, 855 (9th Cir.2008) ("where, as here, the state court did not 'clearly and expressly' rely solely upon procedural default in rejecting a petitioner's claim, this court may address the merits of that claim.").  State procedural rules must be strictly and evenly applied. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982).  In addition, any discretionary aspects of the procedural rule must be exercised according to known standards. *Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir. 1996); *see also Ford*, 498 U.S. at 423 ("Novelty in procedural requirements cannot be permitted to thwart review in this Court applied for by those who, in justified reliance upon prior decisions, seek vindication in state courts of their federal constitutional rights.") (quoting *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 457-58 (1958)).

**III.    Arizona law on post-conviction petitions.**

In Arizona capital cases, under Rule 32 as written, the only timely filed notice of post-conviction relief is the initial one filed by the Arizona Supreme Court, which is to be filed "expeditiously" after the mandate issues "affirming the defendant's conviction and sentence on direct appeal." Ariz. R. Crim. P. 32.4(a).  The rule further states that any untimely notice "may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)." *Id.*  The exceptions contained in Rules 32.1(d) through (h) are

1    exceptions to both preclusion under Ariz. R. Crim. P. 32.2(a) and the time bar of Ariz.

2    R. Crim. P. 32.4(a).  *See Binford v. Rhode*, 116 F.3d 396, 398 (9th Cir. 1997).  If the

3    successive untimely petition raises claims pursuant to one of these exceptions, the

4    notice cannot be summarily dismissed.  Ariz. R. Crim. P. 32.2(b).

5         In Ramirez's successive notice of post-conviction relief, all of his claims were

6    raised pursuant to exceptions.[4]  He also requested the appointment of counsel, which

7    is mandatory in capital cases, even when an untimely successive notice is filed:

8    "[u]pon the filing of a successive notice, the presiding judge *shall* appoint the

9    previous post-conviction counsel."  Ariz. R. Crim. P. 32.4(c)(1) (emphasis added).

10   In spite of the language of these rules, all of his claims were summarily dismissed,

11   without the appointment of counsel and without a response from the state.[5]  The court

12   did not delineate which claims were precluded because they were or were not raised

13   previously.  Similarly, it did not delineate why the individual claims did not meet the

14   individual exceptions to the timeliness requirement that they were filed pursuant to.

15   Some of these exceptions are intertwined with federal law.  These facts illustrate an

16   inconsistent and vague application of the procedures of Rule 32.

17        Although this court has previously characterized the preclusion and time bars

18   as separate bars, this is not the case when an untimely capital successive notice raises

19   claims pursuant to the exceptions of 32.1(d) through (h).  Claims filed pursuant to

20   these provisions, as in Ramirez's case, can escape both the preclusion provisions of

21   Rule 32.2(a) and the time bar of Rule 32.4(a).  *See, e.g., Moreno v. Gonzalez*, 962

22   P.2d 205, 207 (Ariz. 1998) ("Under Rule 32.2(b), the preclusion provisions of Rule

23   32.2(a) do not apply to a claim based on Rule 32.1(f).  And, under Rule 32.4(a), an

24   untimely notice may be based on Rule 32.1(f).").

25   _____

26        [4]Maricopa Superior Court (hereinafter "MCSC") Doc. 4/28/05 (the date used
     for Maricopa County filings is the date the pleading or order was filed).

27        [5]MCSC Order 5/4/05.

28

1    This Court previously cited *Moreno* for the proposition that the preclusion bar

2    and the time bar are separate.[6]   However, *Moreno* dealt with a non-capital petitioner

3    who may have been sentenced before the time bar rule was created and had never

4    filed a first post-conviction petition.   In that unique situation, the time bar would

5    simply be inapplicable.   *Id.* at 209.   This is why the Arizona Supreme Court stated

6    that "his claims may nevertheless be precluded under Rule 32.2(a), even if not

7    untimely."   *Id*.   For capital successive petitions filed after 1992, the exceptions

8    contained in Rules 32.1(d) though (h) are exceptions to *both* preclusion and time bar.

9    *See Binford v. Rhode*, 116 F.3d 396 (9th Cir. 1997).   After 1992, the two bars are

10   inevitably intertwined when it comes to capital successor proceedings.   If the claims

11   could have been or were raised in a prior post-conviction petition, they will be both

12   precluded and untimely, as the only timely notice of capital post-conviction relief, as

13   the rule reads, is the first one filed by the Arizona Supreme Court and the only claims

14   which will not be precluded in a successive petition will be those filed pursuant to the

15   exceptions.

16   An explanation for why the claims were not previously raised and which

17   exception applied to each claim was specifically laid out in the notice pleading.[7]

18   Ramirez also alleged that his initial post-conviction counsel performed ineffectively,

19   a claim that has allowed other capital petitioners to avoid procedural problems.   *See,*

20   *e.g.,* Attached Exhibit 1 (hereinafter "Exh. _ ).   Instead of addressing a single one of

21   these arguments, the trial court lumped all claims and exceptions together in its

22   ruling.[8]   This ambiguous ruling is inadequate to preclude federal review.   *Valerio*, 306

23   F.3d at 774-775.   In addition, examining the exceptions involves resolving issues,

24   —————————————

25   [6]Dist. Ct. Doc. No. 190 at p. 43.

26   [7]MSCS Doc. 4/28/05.

27   [8]MCSC Order 5/6/05.

28   Page 5 of  37

1   such as constitutional waiver, that are not independent of federal law.

2       The post-conviction court's lack of analysis is not surprising, however, because

3   there is a almost no case law addressing the exceptions under which Ramirez sought

4   relief. The complete lack of guidance upon what these rules mean, and how the

5   exceptions can be met, require a finding of inadequacy because rules are not adequate

6   if there are no known standards by which to limit judicial discretion. *See Morales*,

7   85 F.3d at 1392; Exh. 2 at 8.

8       Procedural default in federal court turns on whether the state court rule is

9   mandatory in its actual application in the state court. An examination of the actual

10  practice in Arizona state courts reveals that the application of the time bar is quite

11  discretionary, without reference to known standards, inconsistently invoked, and, in

12  actual practice, often intertwined with the preclusion bar of Ariz. R. Crim. P. 32.2(a).

13  An Arizona Court of Appeals opinion expressly states that application of the time bar

14  is discretionary, but no guidance is provided on when that discretion should be

15  exercised: "Because the question of timeliness was squarely presented to the trial

16  court and the court nonetheless ruled on the petition, we will infer that, *in its*

17  *discretion*, the court decided to consider the petition despite its untimeliness." *State*

18  *v. Mena*, No. 2 CA-CR 2007-0371-PR, 2008 WL 4606545, at *2 (Ariz. Ct. App. Div.

19  2 Apr. 25, 2008) (emphasis added)**.**

20      In *Binford* , 116 F.3d 396, the Ninth Circuit Court of Appeals was trying to

21  determine whether an Arizona federal habeas petitioner's untimely and successive

22  claims were barred under state law. *Id.* at 399. The claims would only be considered

23  barred "if a *mandatory* rule of state law precludes Binford from raising these claims

24  at this date." *Id.* (emphasis added). The federal court could not answer the question

25  because there was no controlling precedent in the Arizona courts. *Id.* at 400. To

26  solve the problem, the *Binford* Court certified two questions to the Arizona Supreme

27  Court, the second of which was whether "any mandatory rule of state law bars

28

1  Binford from raising his ineffective assistance of trial counsel and unintelligent plea

2  claims at this date?". *Id.*

3       On the same date the *Binford* court certified two questions to the Arizona

4  Supreme Court, another Ninth Circuit panel certified similar questions that also dealt

5  with Arizona's rules regarding time bar and preclusion. *Moreno v. Gonzalez*, 116

6  F.3d 409 (9th Cir. 1997). *Moreno* began with the question of whether there was "rule

7  of state law, which the state courts apply consistently" which would bar the petitioner

8  from filing an untimely petition. *Id.* at 409. After surveying Arizona law, the court

9  came to the same conclusion as *Binford*; there simply was no Arizona law to guide

10  them on this question. *Id.* at 411.

11       Upon return to state court, the Arizona Supreme Court failed to answer the

12  broader question presented by the two Ninth Circuit panels. *Moreno v. Gonzalez*, 962

13  P.2d 205, 209 (Ariz. 1998). As illustrated by *Binford* and *Moreno*, Arizona's rules

14  on timely petitions are not well-established.

15       Arizona courts have also created exceptions for additional grounds that can be

16  initially raised in successive petitions that are not contained within the exceptions

17  listed in the rule or statute. For example, in *State v. Pruett*, 912 P.2d 1357 (Ariz. Ct.

18  App. 1995), the Arizona Court of Appeals held that a petitioner who pleads guilty can

19  file a second Rule 32 petition challenging post-conviction counsel's effectiveness

20  during the first Rule 32 petition. *Id.* at 1360. The trial court had ruled, pursuant to

21  Ariz. R. Crim. P. 32.4(a), that the second and third petitions were untimely and

22  summarily dismissed them. *Id.* at 1359. The court noted that under Rule 32.4(a), "it

23  is not apparent as to when a second notice of post-conviction relief is due for claims

24  regarding the effectiveness of previous Rule 32 counsel." *Id.* at 1360. Under the

25  plain language of the time bar, meeting the deadline for a second petition would be

26  "an impossibility within this period" and a "challenge to the effectiveness of first

27  Rule 32 counsel always would be foreclosed." *Id.* at 1360. The court then created

28

1   a legal fiction so that a certain group of defendants could avoid the clear time bar:

2   "the resolution of the time-limit dilemma posed by Rule 32.4(a) is to treat a pleading

3   defendant's first petition as a 'direct appeal' for purposes of the time limits of Rule

4   32.4(a)." *Id.* It then set forth a court-created deadline for this class of Rule 32

5   defendants. *Id.*

6          In *State v. Rosales*, 66 P.3d 1263 (Ariz. Ct. App. 2003), a trial court was

7   reversed for summarily dismissing a successive notice for post-conviction relief

8   because the initial post-conviction notice was filed pursuant to Rule 32.1(f) and

9   sought a delayed appeal, which was allowed. The court acknowledged, that under the

10  plain language of Rule 32, petitioner's insufficient successive notice, which did not

11  raise claims pursuant to the exceptions to preclusion and the time bar, would have

12  allowed the court to "dismiss the entire proceeding." *Id.* at 90. However, the court

13  held otherwise "for practical and policy reasons." *Id.* at 90.

14         In regard to when to raise ineffective assistance of counsel claims, the Arizona

15  Supreme Court has acknowledged that its precedent is unclear, resulting in

16  ineffectiveness claims being precluded in post-conviction proceedings because they

17  were raised on direct appeal. *State v. Spreitz*, 39 P.3d 525, 526-27 (Ariz. 2002).

18  "Admittedly, Rule 32 waters have become murky." *Id.* at 527. It then created an

19  exception to the preclusion rule, noting that a later claim of ineffective assistance of

20  counsel will not be precluded under Rule 32, even though the issue was raised on

21  direct appeal and therefore, under the clear language of the rule, would be precluded.

22  *Id.* at 527.

23         Arizona post-conviction law also requires personal waiver of claims that are

24  of a sufficient constitutional magnitude. *Cassett v. Stewart*, 406 F.3d 614, 622 (9th

25  Cir. 2005). These types of claims will not be precluded. In addition, "[d]etermining

26  whether a waiver is knowing, voluntary, and intelligent often involves a fact-intensive

27  inquiry." *Id.* Arizona law has not yet been sufficiently developed on this issue. *See*

28

*Faulkner v. Schriro*, No. CIV 05-0148-PHX-SMM, 2007 WL 2949053 at *10 n.2 (D. Ariz. Oct. 9, 2007) (noting the "limited development" in Arizona law on the exception for claims of sufficient constitutional magnitude).

**IV.    The post-conviction court's procedural ruling, as invoked in this case, is inadequate to bar federal merits review.**

Because of the vagueness of the post-conviction ruling in Ramirez's specific case, this Court need not even reach the more complicated and overarching question of the adequacy of Arizona's time bar for capital cases.  In Ramirez's first Rule 32 proceeding, the post-conviction court found claims "precluded from being raised in this Rule 32 proceeding because they were either raised and rejected on direct appeal or could have been raised by the defendant but were not."[9]  The post-conviction court failed to delineate which claims were already decided upon the merits and which claims were waived.  In federal habeas, Ramirez argued that this ruling was inadequate to allow for procedural default of these claims, under *Valerio*, 306 F.3d at 774-775; *Koerner v. Grigas*, 328 F.3d 1039, 1049-50 (9th Cir. 2003).  This Court agreed.[10]

In dismissing the current claims, the post-conviction court also employed similarly vague and inadequate language: "None of these claims come within the exceptions to the timeliness requirement of Rule 32.4(a), Arizona Rules of Criminal Procedure.  They either were or could have been raised on direct appeal or in the prior Rule 32 proceedings."[11]  Respondents appear to assert the court's time bar language somehow cures the inadequacy.  However, the vagueness of this ruling is not cured because the timeliness of the claims was wrapped up in the court's vague and ambiguous determination that the claims "either were or could have been raised on

---

[9]MCSC Order 2/20/1996.

[10]Dist. Ct. Doc. No. 83, at 20-22.

[11]MCSC Order 5/4/05.

1   direct appeal or in the prior Rule 32 proceedings." The court's rulings did not hinge

2   upon two separate and distinct bases for preclusion, but rather that all the claims were

3   untimely because they "were or could have been raised" in prior proceedings. This

4   ruling is inadequate to allow invocation of a procedural bar and, therefore,

5   amendment is not futile.

6        The alleged time bar is not really a time bar at all. All of Ramirez's claims

7   were filed as exceptions to the time bar.[12] A successive petition will always be

8   untimely, and the rule specifically recognizes that. The state court determined that

9   Ramirez's claims did not qualify as exceptions by referring to the rule regarding

10  preclusion, but in such an ambiguous manner that federal review is not barred.

11       The post-conviction court's decision was unclear because it referenced more

12  than one state procedural rule in connection with more than one claim. *See Valerio*,

13  306 F.3d at 774-75. By failing to clearly and expressly identify which procedural bar

14  applied to which claim, or how each exception to the time bar was not met for each

15  claim, the post-conviction order was ambiguous. *See id.; Calderon v. Bean,* 96 F.3d

16  1126, 1131 (9th Cir. 1996). "[A]n ambiguous order that does not clearly rest on

17  independent and adequate state grounds," is insufficient to preclude federal collateral

18  review. *Lambright v. Stewart*, 241 F.3d 1201, 1205 (9th Cir. 2001).

19       Claim 34, the ineffective assistance of sentencing counsel claim at issue here,

20  provides a clear example of the ambiguity problem caused by the post-conviction

21  court's language. This Court has ruled that the original ineffective assistance of

22  sentencing counsel claim, Claim 8, was unexhausted.[13] Although Ramirez intends to

23  challenge this ruling should an appeal be necessary, that ruling was, in part, the

24  reason why a claim of ineffective assistance of sentencing counsel was again pursued

25

26       [12]MCSC Doc. 4/28/05.

27       [13]Dist. Ct. Doc. No. 83 at 23.

28                          Page 10 of 37

1   in state court.  The post-conviction court ruled, in the same language used for every

2   claim, that the sentencing counsel claim was precluded because it was either raised

3   "or could have been raised on direct appeal or in the prior Rule 32 proceedings."[14]

4          This language poses a real problem on federal review.  If the ineffective

5   assistance claim was already raised in the first post-conviction petition, then this

6   Court's ruling that the original claim was unexhausted is clearly in error.  The time

7   bar language does not change this problem.  If the issue was already decided, it does

8   not matter that it was time-barred when raised again later, it would still mean that the

9   claim was exhausted originally, and that this Court must then conduct merits review,

10  or grant a hearing,[15] on the claim of ineffective assistance of sentencing counsel.

11  However, because of the ambiguity in the post-conviction court's ruling, it is

12  impossible to know what reasoning was employed in denying this claim.

13         Ramirez's notice also noted that his claims "involve[d] structural or

14  fundamental error that either cannot be waived or, on the facts of this case, cannot be

15  shown to have been "knowingly, intelligently and voluntarily" waived as is required

16  by Comment to Rule 32.2(a)(3)."[16]  As set forth above, Arizona law on claims of

17  sufficient constitutional magnitude, claims which require personal waiver, has not

18  been sufficiently established.

19

20

21         [14]MCSC Order 5/4/2005.

22         [15]This Court did not give Ramirez an opportunity to brief evidentiary
23  development of this claim.  Ramirez filed a motion for reconsideration of this
    decision.  In requesting a hearing, Ramirez would point to the evidence put forth in
24  support of his motion to stay the proceedings, Dist. Ct. Doc. No. 106, and the
    evidence presented in state court during the mental retardation hearing.  In addition
25  to evidence of mental retardation and at the very least, low IQ, Ramirez has set forth
    powerful mitigating evidence regarding his background that if heard by the fact
26  finder, would create a  reasonable probability of a life sentence.  *Wiggins v. Smith*,
    539 U.S. 510, 535 (2003).

27         [16]MCSC Doc. 4/28/05.

28

1   **V.    Arizona's time bar for capital post-conviction cases is inadequate to bar**
2   **federal review.**

Even if this Court finds that the additional time bar language somehow cures
3   the inadequacy of the rest of the post-conviction court's ruling, the claims still can be
4   reviewed on the merits because Arizona's time bar, and its exceptions, are not firmly
5   established, are dependent upon federal law, and are too inconsistently applied to
6   allow procedural default.  Ramirez's research into the adequacy of Arizona's time bar
7   has revealed several examples of this, as set forth below.
8
9   **A.    Examples of inconsistent or irregular application in capital post-**
   **conviction cases.**
10  In *State v. Prince,* No. 1 CA-CR 95-0413-PR, 1996 WL 91519[17] (Ariz. App.
11  Div. 1 Mar 05, 1996), a capital case, the majority remanded the case for an
12  evidentiary hearing on a claim of ineffective assistance of counsel.  However, as
13  noted by the dissent, the petition was clearly untimely under Arizona's post-
14  conviction statute, as it was filed more than five years after the conviction was
15  affirmed on direct appeal.  *Id.* at *7 (Thompson, J., dissenting).

16  A good illustration of how similarly situated defendants are treated
17  inconsistently under Arizona's time bar can be seen in the way Richard Greenway and
18  Ramirez's successive petitions were treated in state court.  Around the same time
19  period, both went back to state court on successive petitions involving claims based
20  upon *Atkins v. Virginia*, 536 U.S. 304 (2002), and claims unrelated to *Atkins*.  *See*
21  *State v. Greenway*, CR-23911 (Pima Sup. Ct.), Exh. 3-5.  While Ramirez's non-*Atkins*
22  claims were dismissed summarily after the filing of the notice and without
23  appointment of counsel or a response from the state, Greenway's claims were allowed
24

25  [17]In the context of challenging the adequacy of a state rule of preclusion,
    federal case law makes clear that the court should consider unpublished opinions.
26  *Powell v. Lambert*, 357 F.3d 871, 879 (9th Cir. 2004).  In determining adequacy,
    actual practice in state courts is the guidepost, not merely what is said in published
27  precedent.  *Id.*

28

1 | to proceed despite the fact that his claims were arguably just as untimely as

2 | Ramirez's. Instead of summary dismissal however, Greenway was allowed to submit

3 | expert reports in support of his claims and a hearing date was set. Exh. 6.

4 | Greenway's claims were very similar to Ramirez's claims. However, he received

5 | merits review of his claim regarding newly discovered mental health evidence. *Id.*

6 | The Arizona Supreme Court, as is its usual practice in capital post-conviction cases,

7 | summarily denied review of the trial court's decision.[18] Exh. 7.

8 | In *State v. Hill*, CR-11115 (Mohave Sup. Ct.), Hill filed a successive post-

9 | conviction petition upon which he ultimately received merits review and relief,

10 | reversing his conviction for first degree murder. Exh. 8. Hill's conviction and

11 | sentence were affirmed on direct appeal in 1993, and his first round of post-

12 | conviction proceedings ended in 1997. Almost four years later, Hill filed a

13 | successive petition in state court on February 19, 2001. Exh. 9 at 7. As of January

14 | 2005, Hill's case had not yet been ruled upon and he then filed a supplemental

15 | petition for post-conviction relief. Exh. 9. The state argued that the claims were

16 | precluded and untimely. Exh. 10. However, the post-conviction court granted relief,

17 | despite the procedural problems with his petition. Exh. 8. The Arizona Supreme

18 | Court denied review on September 27, 2005. Exh. 11.

19 | In *State v. Lopez*, CR-28657 (Pima Sup. Ct.), the capital petitioner filed an

20 | untimely and successive post-conviction petition on July 25, 2002, approximately five

21 | and one-half years after his first post-conviction was denied review in the Arizona

22 | Supreme Court. Exh. 12. The state's response illustrates that the time bar and the

23 | preclusion bar are inexorably intertwined in the context of capital successive

24 | petitions: "Because meritorious reasons do not appear substantiating why two of the

25 | subclaims are timely, they should be considered precluded under Rule 32.2 and

---

[18]Because the Arizona Supreme Court so rarely reviews capital post-conviction cases, Ramirez reviewed the actual rulings in the lower courts.

summarily dismissed."  Exh. 13 at 4 (emphasis added).  Instead of summarily dismissing the case on procedural grounds, counsel was appointed.  Exh. 14.  In its ruling, although the court ruled that some claims were precluded, it did not mention the time bar, illustrating further that the two bars are intertwined when the successive petition is a capital one or, in the alternative, that the time bar is inconsistently and irregularly invoked.  Exh. 15.  On other claims, one of which is nearly identical to Ramirez's successor claim regarding his brain damage, the court determined that there was no material issue of fact, a determination which would entitle  Lopez to merits review of this claim in federal court.  Exh. 15.  The Arizona Supreme Court summarily denied the petition for review on May 25, 2004.  Exh. 16.

The defendant in *State v. Henry*, CR-8286A (Mohave Sup. Ct.) was also treated dissimilarly from Ramirez.  He filed a successive petition, arguably untimely, yet he was allowed to proceed past the notice stage and file an actual petition, receiving merits review of several of his claims.  Exh 17-20.  The Arizona Supreme Court summarily denied review.  Exh. 21.

In *State v. James*, CR-123711 (Maricopa Sup. Ct.), the petitioner filed an untimely second post-conviction petition and the state argued that the claims were precluded, but the court conducted merits review of several of the claims.  Exh. 22-26.  The Arizona Supreme Court summarily denied review.  Exh. 27.  Perhaps undeterred by the time bar given the prior merits review he received,  James filed yet another untimely post-conviction petition and although he was ultimately denied relief, he was allowed to proceed past summary dismissal and ultimately, received merits review of many of his claims.  Exh. 28-30.  The Arizona Supreme Court summarily denied review.  Exh. 31.

 James then filed a  fourth post-conviction petition, unquestionably untimely, the state was ordered to respond, and the court dismissed the claims as precluded because they were already presented.  Exh. 32-33.  The state had requested that the

Page 14 of  37

1    successive petition be dismissed because the issues were waived, and no mention was

2    made of the time bar. Exh. 34, 35. This order, and the state's responsive pleadings,

3    illustrate that the time bar is not regularly or consistently applied, or in the alternative,

4    that it is intertwined, in actual court practice, with the preclusion bar. The Arizona

5    Supreme Court summarily denied review. Exh. 36.

6          In 1998, Ceja filed an untimely successive petition for post-conviction relief.

7    Exh. 37. Instead of summarily dismissing the petition as untimely and precluded, the

8    court ordered the state to respond. Exh. 38. The state's opposition to the petition

9    again illustrates that preclusion and time bars work together in Arizona. Exh. 39 at

10   3-5. Ceja received merits review of several of his untimely claims. Exh. 40. The

11   court's finding that some claims were precluded also helps Ramirez's argument

12   because the claims could have been dismissed as untimely but they were not,

13   illustrating that either 1) this Court's conclusion that the time bar is separate from

14   preclusion is incorrect; or 2) that the time bar, if it is an independent bar, is irregularly

15   invoked. The Arizona Supreme Court summarily denied review. Exh. 41

16         In *State v. Atwood*, CR-14065 and CR-15397 (Pima Sup. Ct.), an untimely

17   successive notice of post-conviction relief was filed, raising claims pursuant to the

18   time bar's exceptions. Exh. 42. Instead of summarily dismissing the notice, the

19   court allowed the case to proceed to the petition stage and appointed counsel. Exh.

20   43-44. In its response, the state argued that the petition should be summarily rejected.

21   Exh. 45. However, the court allowed the case to proceed and considered an

22   additional affidavit that was not presented in a procedurally proper manner. Exh. 46.

23   Almost a year after the notice was filed, the court did deny the claims, but it did not

24   invoke the time bar as the reason for their dismissal. Although it noted the time bar

25   and waiver as potential problems, it explicitly refused to find that the passage of time

26   warranted a procedural dismissal. Instead, the court went through the factual merits

27   of the claims.

28

The court preliminarily notes that Mr. Hill's postulations and claimed discoveries were generated in 1998 - several years have passed between their formulation and the litigation that has ensued. The court also notes the absence of any competent evidence surrounding the absence of technology to have permitted the discovery claimed by Mr. Hill at an earlier time.

*Putting aside the issue of due diligence or waiver, . . .*

Exh. 47 (emphasis added).  The untimely claims were found to not have presented a "material issue of fact of [sic] law."  *Id.*  This finding entitled Atwood to a merits ruling on his claims in federal court.

In *State v. Landrigan*, No. CR 90-00066 (Maricopa Sup. Ct.), the petitioner filed a successive and untimely Rule 32 petition. Exh. 48.  The state filed a motion to dismiss the petition, arguing that it was precluded because Landrigan failed to raise the claim "in 1995 when he filed his first petition for post-conviction relief."  Exh. 49 at 3.  Instead of summarily dismissing the claim as untimely, the Superior Court ordered that "both sides may present argument (at a future hearing) as to whether (or not) lethal injection is cruel and unusual punishment, based on the appropriate administration of same."  Exh. 50.  The petition is still active in the lower court.

Recently, in *State v. Cook*, CR-88-0301-AP (Ariz.), the state moved for a warrant of execution in the Arizona Supreme Court.  In doing so, the state noted that Cook had already exhausted his post-conviction remedies in state court. Exh. 51.  In opposing the warrant, Cook admitted that he had "not yet initiated his own challenge to the constitutionality of the lethal injection protocol."  Exh. 52 at 2.  However, Cook noted that in Landrigan's untimely successive Rule 32 proceedings, the post-conviction court had ruled that he was entitled to a hearing and Cook avowed that he would "promptly initiate his own proceeding."  *Id.* at 1, 3.  In reply, the state argued that the warrant should still issue because Cook would be precluded from seeking post-conviction relief because he did not raise a challenge to lethal injection in his 1993 post-conviction proceedings and there had been no significant change in the law

regarding the constitutionality of lethal injection.  Exh. 53.  The Arizona Supreme Court did not issue the warrant of execution as requested, but instead delayed the determination so that Cook could file a successive "Rule 32 notice of post-conviction relief in the superior court challenging the constitutionality of Arizona's lethal injection protocol similar to the claim raised in pending post-conviction relief proceedings in *State v. Landrigan.*"  Exh. 54.  On April 1, 2009, the warrant of execution was denied by the Arizona Supreme Court, based upon Cook's filing a successive Rule 32 notice in Mohave County Superior Court.  Exh. 55.

In *State v. Gretzler*, No. A-24565 & A-24567 (Pima Co. Sup. Ct.), the petitioner filed an untimely and successive third petition for post-conviction relief.  Exh. 56.  The state responded, opposing the petition on preclusion grounds.  Exh. 57.  Instead of dismissing the successive petition as untimely or precluded, the post-conviction court gave the petitioner merits review of all his claims, finding that no colorable claim was established.  Exh. 58.  The Arizona Supreme Court summarily denied review.  Exh. 59.

In *State v. Bennett*, 213 Ariz. 562, 146 P.3d 63 (Ariz.  2006), the Arizona Supreme Court remanded this post-conviction case for a hearing on an ineffective assistance of appellate counsel claim, even though the claim was not brought in a timely manner and did not meet any of the listed exceptions for successive petitions.  Instead, the Arizona Supreme Court excused the procedural failures because direct appellate counsel was also post-conviction counsel.  146 P.3d at 67-68.  This exception is not listed in the exceptions to preclusion or the time bar, and illustrates that Arizona's rules are not well-established, vague and inconsistently applied.  This case also illustrates that the preclusion bar contained in Ariz. R. Crim. P. 32(a) is inexorably tied, at least in actual court practice, to the preclusion bar of Rule 32.2 (a).  No mention was made of the untimeliness of the second petition, although it clearly was untimely under the rules.  The court relied instead on 32.2(a), which naturally

1  encompasses an untimeliness element.

2      In *State v. Carreon*, CR 2001-090195 (Maricopa Sup. Ct), the capital petitioner

3  was denied post-conviction relief on October 16, 2006. Exh. 60. Over a year and

4  five months later, new counsel sought to file an "Application for Leave to Amend the

5  PCR Petition and Submit Supplemental Briefing and Evidence in Support of

6  Defendant Carreon's Pending Motion for Rehearing." Exh. 1, 61. The state argued

7  that the pleading was an untimely successive petition for post-conviction relief. Exh.

8  61 at 4, 10. Despite clear time bar and procedural problems, the court ruled that the

9  petitioner was not seeking to file a successive petition and in doing so, appeared to

10 assert that any procedural problems were cured because defendant could show good

11 cause due to the ineffectiveness of his first post-conviction lawyer.[19] Exh. 1 at 2.

12     In *State v. Beaty*, CR 0000-140790 (Maricopa Sup. Ct.), Beaty filed an

13 untimely fifth post-conviction petition. Exh. 62-63. Although the time bar was

14 clearly grounds for dismissal of the claims, the Court failed to invoke the time bar and

15 Beaty, unlike Ramirez, survived summary dismissal and was allowed to further brief

16 his claims. Exh. 64. The ruling illustrates that the time bar bar is not consistently

17 applied and also, that it is inexorably tied, at least in actual court practice, to the

18 preclusion bar of Rule 32.2 (a); *see also* Exh. 64 (minute entry denying sixth notice

19 of post-conviction relief on preclusion grounds, without mention of the time bar).

20 Further, the *Beaty* Court gave thoughtful analysis to the exceptions to preclusion,

21 whereas Ramirez received no analysis whatsoever on application of the exceptions

22 to preclusion. This illustrates that the exception rules are not clearly established or

23 consistently applied. In addition, in its analysis, the *Beaty* court examined the

24 underlying merits of some of the claims, illustrating that the rules are not truly

25

26     [19]Ramirez requests that this Court revisit its prior ruling that the ineffectiveness
   of post-conviction counsel cannot serve as cause for procedural default in light of this
27 ruling and other rulings on this issue, as noted throughout this Memorandum.
   Ramirez requests evidentiary development and an evidentiary hearing on this issue.

28                                    Page 18 of 37

independent of federal law.  The Arizona Supreme Court summarily denied review in *Beaty*.  Exh. 65.

In *State v. Runningeagle*, CR 87-11508 (Maricopa Sup. Ct.), the petitioner filed an untimely successive notice of post-conviction relief.  Exh. 66.  The state moved to dismiss the notice as untimely.  Exh. 67 at 6.  The state's argument in that case succinctly explains why successor petitions are always going to be untimely, as a matter of statute, which is why the post-conviction court's time bar language in Ramirez's case does not cure the ambiguity of its preclusion ruling:

> Respondents submit that the Court should dismiss the notice entirely, because it is untimely and not provided for by the Arizona Rules of Criminal Procedure.  Rule 32.4 states that a notice of post-conviction relief is to be filed by the clerk of the supreme court after the issuance of the mandate from affirmance on appeal. . . . Thus, the only timely filing is the notice filed by the clerk of the supreme court following a defendant's direct appeal.   Petitioner already went through that procedure.

Exh. 67 at 6.  In spite of the state's argument, the case was not summarily dismissed and the case proceeded, with counsel, to the petition stage.  Exh. 68.  In ruling on the petition, the court reviewed one claim on the merits, finding that it was not colorable, and dismissed the rest of the claims on preclusion grounds.  It never once mentioned the time bar. Exh. 69.  The Arizona Supreme Court summarily denied the Petition for Review.  Exh. 70.

After that, Runningeagle filed yet another successive notice and petition.  Exh. 71-72.  Although the notice was untimely, the court did not mention this at all in its ruling, relying instead upon the general rules of preclusion contained in Ariz. R. Crim. P. 32.2, "that any claims which were raised or could have been raised on appeal or in previous Rule 32 proceedings are precluded from relief." Exh. 73.  The Arizona Supreme Court summarily denied the Petition for Review.  Exh. 74.  This case again illustrates that in actual court practice, the time bar is not invoked consistently as a separate and independent basis for dismissal.  That the time bar was invoked in

1    Ramirez's case does not save the ruling from its ambiguity or illustrate consistency

2    in application.

3          In *State v. Schurz*, CR 89-12547 (Maricopa Sup. Ct.), a second untimely post-

4    conviction petition was filed.  Exh. 75.  The state argued that the time bar and

5    preclusion bar worked in concert to preclude relief.  Exh. 76 at 3-4.  This is because,

6    with successor capital petitions, the time bar and preclusion bar are not independent

7    of each other.  In addition, the trial court's ruling illustrates another inconsistent

8    application of both the preclusion bar and the time bar.  Schurz received merits

9    review of many of his untimely successive claims, including a claim of ineffective

10   assistance of sentencing counsel and a claim that post-conviction counsel was

11   ineffective.  Exh. 77.  The Arizona Supreme Court summarily denied review.  Exh.

12   78.

13         In *Schurz*, a third untimely post-conviction petition was filed.  Exh. 79.  Instead

14   of summarily dismissing the petition as untimely, the court appointed counsel, Exh.

15   80, and the case proceeded to the petition stage.  Exh. 81.  Oral argument was heard

16   on the petition.  Exh. 82.  Unlike the *Ramirez* post-conviction court, the *Schurz* court

17   conscientiously reviewed the claims that were brought as exceptions to preclusion

18   and the time bar and reviewed the evidence.  Exh. 83.  In addition,  Schurz received

19   merits review of his claim that his trial attorney did not adequately advise him of a

20   plea offer of a life sentence – even though this claim was unquestionably untimely.

21   *Id.* at 4.  The Arizona Supreme Court summarily denied review.  Exh. 83.

22         In *State v. Washington*, SC87C14064 (Yuma Sup. Ct.), the petitioner filed an

23   untimely successive petition for post-conviction relief, including a claim regarding

24   the integrity of the initial post-conviction proceedings.  Exh. 84.  The state argued

25   that all the claims were precluded.  Exh. 85.  The petitioner was given merits review

26   of  his claim that his original post-conviction relief judge was mentally impaired.

27   Exh. 86 at 6-7.  The Arizona Supreme Court summarily denied review.  Exh. 87.

28

In *State v. Styers*, CR 89-12631 (Maricopa Sup. Ct.), the petitioner filed an untimely and successive petition.  Exh. 88.  The state requested summary denial.  Exh. 89.  Almost two years later, the court dismissed the petition in one sentence, without any explanation, which would entitle the petitioner to merits review in federal court.  Exh. 90.  Perhaps concerned that federal merits review would be the effect of this summary denial, the state filed a specific request for a modified order in which the court would "indicate that the two claims raised by Petitioner are precluded under Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure."  Exh. 91.  Rule 32.2(a)(3) provides that claims should be dismissed if they were "waived at trial, on appeal, or in any previous collateral proceeding."  The court refused to find the successor claims precluded or untimely and instead explicitly stated that "[t]he Court rejects Petitioner's two claims on the merits."  Exh. 92.

In *State v. Wood*, CR-28449 (Pima Sup. Ct.), the petitioner filed an untimely successive petition, arguing that his claims met the exception to the time bar.  Exh. 93.  Instead of summarily dismissing the successor, the court appointed counsel and the state was ordered to respond.  Exh. 94, 95.  In ruling on the claim, the court never once invoked the time bar, although it certainly could have, illustrating further that with capital successive petitions, the time bar is inexorably intertwined, in actual court practice, with the preclusion bar.  Exh. 96.  Although the court ruled in the alternative that the claims were precluded, it also actually analyzed the exception that was alleged and underwent a merits discussion of the claim.  Exh. 96.  The Arizona Supreme Court summarily denied review.  Exh. 96.

In February 1995, an untimely fourth petition for post-conviction relief was filed in *State v. Mata*, CR-97310 (Maricopa Sup. Ct.).  Exh. 97.  Instead of summary dismissal without the appointment of counsel, counsel was appointed and the state was ordered to respond.  Exh. 98.  In its response, the state argued that all claims were precluded and time barred under Arizona's post-conviction statute, an argument

which recognizes that in capital cases, the preclusion and time bar are not truly separate and independent bases for preclusion, but that they work in concert. Exh. 99 at 5-7. Perhaps because Mata's execution date was looming, the Arizona Supreme court stayed the post-conviction proceedings and issued its own opinion on the post-conviction petition. In its opinion, the Arizona Supreme Court ignored the time bar and preclusion bar for one of the claims and issued an extensive opinion on the merits of that claim. *State v. Mata*, 916 P.2d 1035, 1036-45 (Ariz. 1996). In holding the other claim precluded, the court's opinion reveals that the time bar and preclusion grounds are not independent of each other, that they work in concert (albeit inconsistently) to preclude claims. *See, e.g., id.* at 1048-1052.

In *State v. Poland (Michael)*, CR-8850 (Yavapai Sup. Ct.), an untimely and third post-conviction petition was filed in 1998. Exh. 100. The state opposed the claims on grounds of preclusion. Exh. 101. The trial court denied the petition but did not state any reason, be it merits, the time bar, or preclusion. Exh. 102-103. The Arizona Supreme Court summarily denied review. Exh. 104.

In *State v. Chaney,* CR 9929 (Coconino Sup. Ct.), an untimely successive petition was filed in 1993. Exh. 105. The state opposed the claims on preclusion grounds. Exh. 106. Despite clear untimeliness, Chaney received merits review of several of his claims. Exh. 107. A petition for review was sought and opposed by the state. Exh. 108-109. The case was transferred to the Arizona Supreme Court, as it was originally filed in the Arizona Court of Appeals. Exh. 110. However, counsel's paralegal was informed by the Arizona Supreme Court that the only order it possesses regarding a petition for review is for a later post-conviction case where review was denied. No published or unpublished opinions appear on Westlaw from the Arizona Supreme Court regarding this post-conviction proceeding. In addition, the only other surviving record of the *Chaney* case is on microfiche in Coconino County Superior Court. The Arizona Supreme Court denial of review could not be located there either.

1    In *State v. Libberton*, CR 123711 (Maricopa Sup. Ct.), the petitioner filed an

2    unquestionably untimely fourth post-conviction notice.   The petition was not

3    summarily dismissed as untimely, but allowed to proceed to the petition stage.   Exh.

4    111- 112.   The court's ruling contains an extensive discussion of the merits of the

5    untimely claims. Exh. 113.   The Arizona Supreme Court summarily denied review.

6    Exh. 114.

7    In *State v. Gonzales*, CR 90-02471 (Maricopa Sup. Ct.), an untimely successive

8    notice was filed.   Exh. 115.   Instead of summary dismissal, counsel was appointed

9    and the state was ordered to respond.[20]   Exh. 116.   The petition was filed, Exh. 117,

10   and the state opposed it on the grounds that two of the claims were not cognizable,

11   the third claim was not colorable, and the fourth claim was not ripe.   Exh. 118.   The

12   state did not rely on the time bar of Ariz. R. Crim. P. 32.4(a).   In its ruling denying

13   the petition, the post-conviction court simply stated that it was denying the claims for

14   the "reasons as stated by the state in its Response."   Exh. 119.   Although the court

15   could have invoked the time bar, it did not, and the finding that the claims were not

16   cognizable or colorable would require the federal court to examine these claims.   The

17   Arizona Supreme Court summarily denied review.   Exh. 120.

18   In *State v. Ortiz*, CR-00284 (Pima Co. Sup. Ct.), Ortiz filed a fourth post-

19   conviction petition in 1999, which was unquestionably untimely.   Exh. 121.   The

20   state's response, arguing that the petition should be dismissed on preclusion grounds,

21   and citing the exceptions to the time bar, illustrates that the preclusion and time bars

22   are understood to be intertwined in actual practice.   Exh. 122 at 11-12.   The trial

23   court's ruling confirms this, relying on preclusion and minimal merits review, rather

24   than referring to the petition as untimely.   Exh. 123. The Arizona Supreme Court

25   summarily denied review.   Exh. 124.

26

27   [20]The post-conviction judge who issued this order was also the judge who sat on Ramirez's case.

28

1      In *State v. Soto-Fong*, CR-39599 (Pima Co. Sup. Ct.), petitioner filed a

2  successive and untimely post-conviction petition. Exh. 125-126. The state asked for

3  summary dismissal on the grounds that the claims were precluded, never mentioning

4  the time bar as a separate basis for dismissal. Exh. 127. After receiving briefing from

5  both parties, the court dismissed some claims as precluded and no mention was made

6  of the time bar. Exh. 128. A claim of actual innocence was allowed to proceed, the

7  petitioner was given additional time to investigate the claim and, eventually, he

8  received merits review on that claim. Exh. 129. Upon review of these claims, the

9  Arizona Court of Appeals agreed that the actual innocence claim was not colorable

10  and that other claims were precluded or did not meet the exceptions to preclusion.

11  Exh. 130. No mention was ever made of the fact that the petition was untimely,

12  illustrating that the preclusion bars, their exceptions, and the time bar are not truly

13  separate bars in actual court practice in capital cases or, in the alternative, that the

14  timeliness bar is not consistently and regularly invoked.

15      A fourth untimely petition for post-conviction relief was filed in 1999 in *State*

16  *v. Bracy*, CR 121686 (Maricopa Sup. Ct.). Exh. 131. The petitioner also filed a

17  request for a stay of proceedings. Exh. 132. Instead of summarily dismissing the

18  claims as precluded or untimely, counsel was appointed to represent the petitioner.

19  Exh. 132. The state requested that the petition be summarily dismissed and that no

20  stay be issued. Exh. 133. The court issued a stay of the untimely petition. Exh. 134.

21  Months later, the state again requested that the stay be lifted, but this request was

22  denied. Exh. 135-137. Then, almost three years later, Petitioner was allowed to file

23  an amended petition. Exh. 138. The successor post-conviction proceedings only

24  ended due to the death of the petitioner. Exh. 139.

25  **B.    Other examples of inconsistent application in capital cases involving
26         Arizona's rules on untimely first petitions or notices.**

27  There is a lack of a clear rule on what constitutes a "timely" filed post-

28                                    Page 24 of 37

conviction petition or notice in Arizona.    Rule 32.4(c) governs what is considered a "timely" filed post-conviction petition.    However, a judge of this district has already ruled that those time limits are inadequate to bar  federal review.    In *Williams v. Schriro*, CIV 97-1239-PHX-PGR (D. Ariz. March 20, 2006), the district court examined Arizona's rules regarding timeliness and successor petitions. Williams' successor petition had been declared untimely.    However, the district court found that Arizona's post-conviction timeliness rules are "not exercised consistently, if ever, to bar a capital petition as untimely." Exh. 2 at 5-8. Ramirez relies upon the pleadings and exhibits in the *Williams* case in support of his argument.    However, counsel will point out some other examples of how the time limits are frequently relaxed.

In *State v. Anderson*, CR 96-865 (Mohave Sup. Ct.) the six-month time limit for filing the post-conviction petition has repeatedly been excused, and this is after a stay of the time limit was entered for approximately one and a one-half years by the Arizona Supreme Court while qualified counsel was located. 140-146.  Similarly, in *State v. Ellison*, CR 99-187 (Mohave Sup. Ct.), the time limit for the initial petition was suspended by the Arizona Supreme Court due to issues regarding the withdrawal of post-conviction counsel. Exh. 147.  Prior to that, the Arizona Supreme Court had already suspended the time limit while post-conviction counsel, who eventually withdrew, was located for the petitioner.  Exh. 148-150.

In *State v. Murray*, CR-13057 (Mohave Sup. Ct.), the notice of post-conviction relief was filed on July 16, 1997. Exh. 151.  A motion was filed to toll the time limit for filing the petition because of problems with the appointment of counsel.  Exh. 152.  The state opposed the motion, noting its intention to seek summary dismissal if the petition was not filed within the statutory time limits.   Exh. 153.  To solve the untimeliness problem, the court withdrew the timely notice of post-conviction relief and recalled the mandate. Exh. 154. Another notice of post-conviction relief was not filed until September 1, 1998.  Exh. 155.  Although the Arizona Supreme Court's

1    actions may have cured the untimeliness problem for Murray, it illustrates that the

2    timeliness rules, on notices and petitions, are not consistently applied or followed.

3    The actual petition was not filed until six months after the untimely second notice was

4    filed and more than a year and seven months since the original, timely notice of post-

5    conviction relief was filed.  Exh. 156.  The second notice was not dismissed as

6    untimely, to the contrary, Murray received an evidentiary hearing on some of his

7    claims.  Exh. 157.  The Arizona Supreme Court summarily denied review on all

8    issues, except one, which dealt with the retroactivity of *Ring v. Arizona*, 536 U.S. 584

9    (2002), and was being decided in another consolidated action.  Exh. 158.

10       In *State v. Kayer*, CR-94-0694 (Yavapai Sup. Ct), a first notice of post-

11   conviction relief was filed after the direct appeal by the Arizona Supreme Court on

12   January 25, 2001.  Exh. 159.  On July 19, 2001, the state filed a motion noting that

13   they had not yet received any pleadings filed on behalf of Kayer, and they noted that

14   any petition would be untimely and the court would have no jurisdiction to consider

15   it.  Exh. 160.  The post-conviction court ruled that it had never received a motion to

16   extend time to file a petition filed by counsel for Kayer and concluded that it did not

17   have jurisdiction of the Rule 32 proceedings.  Exh. 161.  Counsel for Kayer then

18   asserted that he had filed a motion to extend the time to file a petition but that it was

19   never ruled upon.  Exh. 162.  A motion to reconsider was denied.  Exh. 163.  The

20   Arizona Supreme Court reviewed the post-conviction court's decision and found

21   excusable neglect and "extra-ordinary circumstances are present in this capital case."

22   Exh. 164.    To cure the problem of the untimely petition, the court vacated the

23   original notice of post-conviction relief[21] and issued a new (albeit untimely) notice

24

25       [21]The original notice of post-conviction relief was filed more than eleven
26   months after certriorari was denied after direct appeal.  Exh. 165.  As noted
     previously, the first notice is to be filed "expeditiously" after the mandate issues
27   "affirming the defendant's conviction and sentence on direct appeal." Ariz. R. Crim.
     P. 32.4(a).

28                                    Page 26 of 37

1    of post-conviction relief on the same date of the ruling September 26, 2002.  Exh.

2    164.  A preliminary petition for relief was not filed until February 28, 2003, three

3    years after the U.S. Supreme Court denied review upon conclusion of the direct

4    review.  Exh. 166.  Instead of being dismissed as untimely,  Kayer received an

5    evidentiary hearing in post-conviction court. Exh. 167. The Arizona Supreme Court

6    summarily denied review.  Exh. 168.

7            In *State v. Ross*, CR-30722 (Pima Sup. Ct.), a capital case involving a first

8    post-conviction proceeding, the state filed a pleading which indicated that the

9    Arizona Supreme Court had not filed the notice with the mandate affirming the

10   conviction and sentence after direct appeal.  Exh. 169.  Approximately nine months

11   had passed and the notice of post-conviction relief had not yet been filed.  *Id.*

12          Another irregularity in the filing of a timely post-conviction notice occurred

13   in *State v. Lee*, CR-92-01-13 (La Paz Sup. Ct.).  While his direct appeal was still

14   pending,  Lee filed a *pro se* first notice of post-conviction relief.  Exh. 170.  The rules

15   state that only the Arizona Supreme Court can file the first notice of post-conviction

16   relief, after direct appeal.  Counsel was appointed for Lee.  Exh. 171.  Appointed

17   counsel requested that the proceedings be stayed because the notice was premature

18   and the state had no objection to the request.  Exh. 172-173.  The court granted the

19   motion.  Exh. 174.  Lee's direct appeal was decided on May 21, 1996.  Exh. 175.

20   Although the 90-day time period for filing a petition for writ of certiorari in the

21   United States Supreme Court lapsed in October of 1996, the Arizona Supreme Court

22   did not issue its mandate until July 1998.  Exh. 176.  Another successive notice of

23   post-conviction relief was then filed on July 21, 1998.  Exh. 177.  Counsel for

24   petitioner then sought to toll the time period for filing the petition.  Exh. 178.

25   Although the state opposed this motion, the court granted this request. Exh. 179-180.

26   The successive notice was not treated as an untimely or successive notice and instead,

27   petitioner received an evidentiary hearing and merits review of his claims. Exh. 181-

28                                   Page 27 of 37

182.  The Arizona Supreme Court summarily denied review.  Exh. 183.

Counsel will not belabor this point any further, as it has already been well-established that the timeliness rules for first capital post-conviction notices and the timeliness rules on all petitions are infrequently and inconsistently followed.  Exh. 2, *see also, e.g., State v. Stokely,* CR-9100284A (Cochise Sup. Ct.), Exh. 184-186 (petition for post-conviction relief was filed more than ten months after notice of post-conviction relief was filed); *State v. Sharp*, CR95000271 (Cochise Co. Sup. Ct.), Exh. 187-189 (petition filed more than ten months after the notice of post-conviction relief was filed, petition not dismissed as untimely and a hearing was held on the merits of some of the claims).

## C. Inconsistent application in non-capital successor post-conviction cases.

Although the untimeliness rules for non-capital successor cases are somewhat different, and counsel devoted the bulk of their limited time to collecting successive notices in capital cases, counsel did come across some examples of inconsistent application of the timeliness rule in non-capital cases.

In *State v. Hillman*, CR 98-013052 (Maricopa Sup. Ct.), an untimely successive notice of post-conviction relief was filed, counsel was appointed, and the state filed a response.  Exh. 190-193.  Although the petition was clearly untimely, the court did careful analysis of why the asserted exception of newly discovered evidence was not met and also gave the petitioner merits review of his ineffective assistance of counsel claim.  Exh. 194.  The Arizona Court of Appeals summarily denied review.  Exh. 195.

In *State v. Smithey*, CR 41670 (Maricopa Sup. Ct.), the petitioner filed a notice of post-conviction relief in 2005, although she was convicted in 1963.  Exh. 196.  The trial court ruled that the defendant was "exempted from the timeliness requirement" even though the notice was not filed until well after the post-conviction remedy and

the timeliness requirement were added to Arizona statute.  Exh. 197; *see also State v. Prince*, No. 1 CA-CR 95-0413-PR, 1996 WL 91519, at *7(Ariz. Ct. App. Div. 1 March 5, 1996) (Thompson, J., dissenting) (noting that first Rule 32 petitions should be time-barred under the statute if they were not initiated within thirty days of the enactment of the Rule 32 amendments).

After the petition was filed, Exh. 198, the state filed its response, arguing that all claims were precluded and that she "intentionally delayed in bringing her Rule 32 petition."  Exh. 199 at 5-6.  Instead, the court held that colorable claims were raised in the untimely petition and an evidentiary hearing was held.  Exh. 200.  Although relief was ultimately denied, the claims were denied on their merits.  Exh. 201.  On appeal, the Arizona Court of Appeals did not find fault with the fact that the court ruled on the merits or held an evidentiary hearing.  Instead, the appeals court sent the case back to the superior court to address a merits issue that it had neglected to address the first time around.  Exh. 202.  On remand, the superior court issued a merits decision, denying the petition, on the remaining issue.  Exh. 203.  A petition for review was filed in December 2008.  Exh. 204.

In *State v. (Richard) Washington*, CR 89-10859 (Maricopa Sup. Ct.), untimely second and third notices of post-conviction relief were filed.  Exh. 205-207.[22]  Both notices were dismissed as precluded and because the notice did not specify which exception to the preclusion rule the claims fit.  On review, the Arizona Court of Appeals reversed, finding that "[t]he trial court abused its discretion when it dismissed the notice of petition for post-conviction relief on the grounds that the notice did not set forth any exception to preclusion."  Exh. 208.  Instead, the court found that the claims were not colorable, which would entitle the untimely state

---

[22]Ramirez recognizes that the exhibits provided are missing some documents, specifically those referenced in the court's order filed on December 12, 1997. However, Ramirez's counsel was informed by superior court staff that these were all the documents that remained in the court's file for the relevant period of time.

1  petitioner to merits review in federal court.

2        In *State v. Bonwell*, CR-46933, petitioner filed an untimely third notice of

3  post-conviction relief and was appointed counsel. Exh. 209-210. Petitioner sought

4  to amend his petition *pro se*, the state opposed, but petitioner was allowed to do so

5  by the court. Exh. 211-213. The state argued that Bonwell was precluded from

6  raising all of his claims, never mentioning the time bar, illustrating again that in

7  actual practice, the time bar and preclusion are intertwined when it comes to

8  successive petitions. Exh. 214. However, instead of dismissing the petition as

9  untimely or the claims as precluded, the petitioner was given merits review of his

10  claims, including a claim that his prior post-conviction counsel performed

11  ineffectively. Exh. 215. The Arizona Court of Appeals granted review and instead

12  of finding the claims precluded or untimely, they also gave the untimely petition

13  merits review. Exh. 216.

14        In *State v. Reister*, CR 1996-006908 (Maricopa Sup. Ct), the very same judge

15  who presided over Ramirez's case allowed a untimely successive petition to proceed

16  forward, requiring the state's response. Exh. 217-219. This order allowed the parties

17  to fully brief the issue and the application of the exceptions. Although the court

18  ultimately dismissed the untimely petition, it did not invoke the time bar as a reason,

19  instead relying upon the lack of a material question of fact and law and that the claim

20  was precluded under Rule 32.2. Exh. 220. The Arizona Supreme Court summarily

21  denied review. Exh. 221. This case further illustrates that the time bar is not

22  consistently invoked or, in the alternative, it is so inexorably intertwined in actual

23  court practice with the preclusion bar, so that the additional time bar language in

24  Ramirez is insufficient to save the ruling from ambiguity under *Valerio*, 306 F.3d

25  742.

26        In *State v. Cotton*, CR 1995-009159 (Maricopa Sup. Ct.), a fourth petition for

27  post-conviction relief was filed by the defendant and it was unquestionably untimely.

28

1   Exh. 222-223.  The petitioner did not even specifically plead which exception to the

2   time bar his petition met, as required by the post-conviction rules.   Instead of

3   summarily dismissing the claim, as happened in *Ramirez*, the court allowed the claim

4   to proceed and the state was ordered to respond.  Exh. 224.  Although the petition was

5   ultimately denied, the court conducted a thorough review of the claims and the

6   exceptions to preclusion, explaining its reasons and dismissing the petition because

7   it "lacks the merit necessary to order a new trial." Exh. 225.  The Arizona Supreme

8   Court denied the petition for review.  Exh. 226.  This ruling on the merits, of an

9   untimely fourth post-conviction petition, would entitle  Cotton to federal merits

10  review of his claims and further illustrates that the timeliness exception is not

11  consistently invoked.

12        The case of *State v. Swoopes*, CR-15623 (Pima Sup. Ct.) also illustrates that

13  the *Ramirez* order is not saved from ambiguity because of the timeliness language

14  because timeliness and the preclusion rules and exceptions are all intertwined.

15  *Swoopes* filed an untimely successive petition in March 2003.  Exh. 227.  Instead of

16  summarily dismissing the case, the lower court allowed the petition to be filed.  Exh.

17  228.  The state argued that the issues were all precluded, never invoking the time bar.

18  Exh. 229.  The lower court ultimately granted relief on the untimely claim.  Exh. 230.

19  Although the Arizona Court of Appeals reversed this ruling, its discussion of the

20  issue illustrates that the time bar is not separate from the preclusion bar – the two are

21  intertwined as the Arizona Supreme Court never once mentions the time bar as a basis

22  for dismissal.  *See State v. Swoopes*, 166 P.3d 945 (Ariz. Ct. App. Div. 2 2007).

23        **D.    Rulings on the merits of precluded claims prior to 1992.**

24        Because the time bar at issue came into effect in 1992, counsel for Ramirez

25  concentrated on collecting successive petitions filed after September 30, 1992.

26  However, as counsel began to examine those cases, it became apparent that the time

27  bar was irregularly invoked and in practical application, the courts invoked the

28

1    preclusion bar instead.   However, even in pre-1992 cases, counsel came across
2    several examples of merits review of precluded claims.

3         In *State v. Mata*, CR-97310, a successive notice of post-conviction relief was
4    filed. Exh. 231. The case was not summarily dismissed, but allowed to proceed and
5    counsel was appointed. Exh. 232. Because the case was not summarily dismissed,
6    counsel was able to file a supplemental petition and an amendment. Exh. 233-234.
7    The state asked that every single issue be dismissed as precluded.   Exh. 235.
8    However, in ruling on the claims, the court went into a extensive discussion of the
9    merits of many of the them, belying the court's alternative ruling that all the claims
10   were precluded. Exh. 236. The Arizona Supreme Court summarily denied review.
11   Exh. 237

12        In *State v. McMurtrey*, No. CR-1833 (Pima Sup. Ct.), a capital case, the post-
13   conviction court initially held that all the claims filed in the petitioner's second post-
14   conviction petition were precluded because they could have been raised earlier. *See*
15   *McMurtrey v. Stewart*, No. CV-88-844-TUC-WFN, at 10 (D. Ariz. March 6, 2000),
16   Exh. 238. The first petition for post-conviction relief was filed in 1987, and second
17   and third petitions for post-conviction relief were not filed until years later. Exh. 238
18   at 2-3.   However, when the case was remanded from federal to state court for an
19   evidentiary hearing on some other, non-precluded claims,[23] the post-conviction court
20   also reviewed the precluded claims on their merits. Exh. 239-240.   The federal
21   district court rejected the state's claim that this merits ruling was merely an
22   alternative ruling, and held that the prior procedural bar still applied. Exh. 238 at 12-
23   17.

24        In *State v. Lambright*, No. CR-05669 (Pima Sup. Ct.), the petitioner filed a

25

26        [23]The case was remanded because the federal court found that the state court
27   had erroneously found some post-conviction claims to be barred, under state law.
     Exh. 238 at 3 .

28                              Page 32 of 37

second post-conviction petition in March 1992.  Exh. 241.  The state argued that all the claims were either waived or precluded.  Exh. 242.  Despite clear preclusion, the court reviewed  several claims on the merits anyway.  Exh. 243.  Although the court begins by noting Arizona's preclusion and waiver rules, it then cites Arizona and U.S. Supreme Court law for the proposition that death is different, and that "[a]s a consequence, in death penalty cases Rule 32 claims not previously considered will be heard even if they would be barred under state law."  *Id.* at 2.  The Arizona Supreme Court denied review.  Exh. 244.  *Lambright* is another example of how the procedural bars are not consistently applied in capital cases.

In *State v. Libberton*, CR-123711 (Maricopa Sup. Ct.), the petitioner filed a third post-conviction petition in September 1987.  Exh. 245.  Counsel was appointed, Exh. 246, and the state argued that all the claims were precluded because they had already been decided or were waived them because the petitioner did not raise them on appeal or in the two prior post-conviction petitions.  Exh. 247.  Instead of dismissing the petition on procedural grounds, the court issued a ruling on the merits.  Exh. 248.  The Arizona Supreme Court summarily denied the petition for review.  Exh. 249.

In *State v. Wallace*, No. CR-12590 (Pima Co. Sup. Ct), the petitioner filed a successive post-conviction petition.  Exh. 250.  The case proceeded and the state opposed the petition on the grounds of prelcusion.  Exh. 251, 252.  Petitioner then filed an amended Rule 32 petition.  Exh. 253.  The state's response again argued that all the issues were precluded.  Exh. 254.  Over a year after the successor notice was filed, the court issued its decision. Although the court's analysis was terse, it did not apply the preclusion bar and instead, issued a ruling that entitled Wallace to federal merits review of his claims: "[T]he matters raised are essentially a speculative construct by defendant's attorney and that it is appropriate to summarily dismiss the petition."  Exh. 255.  The Arizona Supreme Court summarily denied review.  Exh.

256.

In *State v. Cook*, CR-9358 (Mohave Sup. Ct.), the petitioner filed, *pro per*, a successive petition in October 1990, while his direct appeal was pending. Exh. 257. The court noted that although summary denial was appropriate, given that the sole issue presented in the successive petition was ineffective assistance of direct appellate counsel and thus, premature, the court nevertheless appointed counsel. Exh. 258. Counsel was directed to file an amended petition in March 1991. *Id.* A supplemental petition was filed in September 1993 by counsel. Exh. 259. The state moved to dismiss the petition, on the grounds that most of the claims were precluded. Exh. 260. In response, petitioner filed a second supplement to the petition. Exh. 261. In granting an evidentiary hearing on some of the issues presented in the successor petition, the court chose to ignore any procedural issues presented by the fact that defendant had a prior petition summarily dismissed in February 1990. Exh. 262. In denying the petition, the court only stated that it was "denying the Petition for Post Conviction Relief."[24]  Exh. 263.  Because the court did not state whether it was relying on procedural grounds, or merits grounds,  Cook would be entitled to federal merits review of all of his claims presented in the successive petition.  The Arizona Supreme Court summarily denied the petition for review.  Exh. 264.

In *State v. Summerlin*, CR-125325, CR-119502, CR-119567 (Maricopa Sup. Ct.), the petitioner filed a fourth petition for post-conviction relief in state court. Exh. 265.  The state argued that all the claims were filed too late because they could have been argued earlier, either at trial or in prior appeals. Exh. 266. Despite the fact that these claims could have been procedurally barred in state court as untimely claims that were waived and precluded, the post-conviction court reviewed the merits of these claims, denying them on the grounds that "no material question of law or fact

[24]Ramirez was unable to find a more explicit denial of the claims in any other court document.

1    exists which entitles petitioner to relief." Exh. 267.  The Arizona Supreme Court

2    summarily denied review.  Exh. 268.

3        In *State v. Ortiz*, CR-00284 (Pima Co. Sup. Ct.), a third successor petition was

4    filed.  Exh. 269-70.  The state had argued that all the claims were precluded,

5    including a claim regarding the presentation of perjured testimony, because prior

6    counsel possessed this information but did not pursue it. Exh. 271.  However, instead

7    of holding the claim precluded, the court held a hearing on this claim, entitling the

8    petitioner to merits review. Exh. 272.  The Arizona Supreme Court summarily denied

9    review.  Exh. 273.

10       In *State v. Bracy*, CR-121686 (Maricopa Sup. Ct.), petition filed a successor

11   petition. Exh. 274-276.  In response, the state argued waiver and preclusion.  Exh.

12   277.  Instead of dismissal on preclusion, the petitioner received a hearing on some of

13   his claims and extensive merits review of his claims.  Exh. 278.   The Arizona

14   Supreme Court summarily denied review.  Exh. 279.

15       In *State v. Ceja*, CR-82433 (Maricopa Sup. Ct.), the court's actions also

16   illustrate that the procedural bars are not regularly and consistently applied.  After the

17   initial successive petition was ruled precluded, Exh. 280-282, petitioner filed a

18   supplemental petition, raising the ineffectiveness of his first post-conviction counsel.

19   Exh. 283.  Although its ruling on the remaining claim is sparse, the court gave Ceja

20   merits review, finding that "an evidentiary hearing is not needed to resolve any of the

21   issues raised in the Supplemental Petition for Post Conviction Relief." Exh. 284.

22   The Arizona Supreme Court summarily denied review.  Exh. 285.

23       **E.    The failure to appoint counsel.**

24       Another procedural irregularity in this case illustrates inadequacy and

25   inconsistent application.  As noted above, in other cases where successor capital

26   petitions are filed, the court appoints counsel, allows the claims to proceed to the

27   petition stage, and orders the state to respond.  Arizona statute specifically states that

28

1  "[u]pon the filing of a successive notice, the presiding judge shall appoint the

2  previous post-conviction counsel of the capital defendant unless counsel is waived

3  or good cause is shown to appoint another qualified attorney from the list described

4  in A.R.S. § 13-4041." Ariz. R. Crim. P. 32.4(c).  This statute was not followed in this

5  case. Ramirez's prior post-conviction counsel was deceased, but he already had other

6  qualified counsel identified and ready to represent him in the successor proceedings.[25]

7  Instead of appointing counsel, and allowing the complicated issues of exceptions to

8  the time bar and preclusion to be briefed, the trial court summarily and ambiguously

9  dismissed the claims on the notice pleading.

10  **VI.     The independence of the time bar and the exceptions to preclusion.**

11          This Court only ordered briefing on the adequacy of Arizona's time bar.  The

12  independence of a procedural bar is a different question.  Should the court rule that

13  Arizona's time bar is adequate, Ramirez requests the opportunity to file additional

14  briefing on the independence of the time bar.  However, Ramirez does assert that the

15  time bar, and the exceptions to it, are not independent of federal law.

16          For the most part, the exceptions to the time bar are simply not well-established

17  enough to determine their independence from federal law or their dependence on it.

18  The Arizona appellate courts have simply not issued many opinions on the various

19  exceptions to the time bar. For example, the Arizona Supreme Court only recently

20  issued an opinion defining the "significant change in the law" exception, raised by

21  Ramirez in his successive notice. *State v. Shrum*, --- P.3d ----, No. CR-08-0312-PR,

22  2009 WL 702784 (Ariz. Mar. 19, 2009).  This opinion, defining the exception, was

23  not issued until approximately four years after Ramirez filed his successor post-

24  conviction petition.  However, the opinion does indicate that the "significant change

25  in the law" exception may be dependent upon federal law as *Shrum* seems to indicate

26

27          [25]MCSC Order 5/6/05.

28                                   Page 36 of 37

1  that a "significant change in the law" will not be given application in post-conviction

2  unless it meets the strictures of *Teague v. Lane*, 489 U.S. 288, 296 (1989).  However,

3  this is not entirely clear from the opinion.

4          Rule 32.1(h), dealing with the execution of one who is actually innocent of the

5  crime, or of the death penalty, obviously has federal constitutional implications, and

6  this exception was also raised by Ramirez.  *See House v. Bell*, 547 U.S. 518 (2006);

7  *Sawyer v. Whitley*, 505 U.S. 333 (1992).

8  **VII.   Conclusion**

9          Ramirez has demonstrated that Arizona's timeliness provisions in post-

10  conviction are irregularly invoked, inconsistently applied, not well-established, and

11  dependent upon federal law.  Therefore, the supplemental claims are not futile.

12          Respectfully submitted this 3rd day of April, 2009.

13                                      Jon M. Sands
                                        Federal Public Defender

14
                                        Paula K. Harms
15
                                        By s/Paula K. Harms
16                                      Counsel for Petitioner

17
                                Certificate of Service
18
            On this 3rd day of April, 2009, I electronically transmitted the attached
19  document to the Clerk's Office using the CM/ECF system for filing and transmittal
    of a notice of electronic filing to the following CM/ECF registrants:
20
    John Pressley Todd
21  Assistant Attorney General
    Capital Litigation Section
22  1275 West Washington
    Phoenix, Arizona 85007-2997
23
    s/ Samantha Linley
24        Secretary, Capital Habeas Unit

25

26

27

28